UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO.: _____

ALLIANT TAX CREDIT FUND 31-A, LTD.;
ALLIANT TAX CREDIT 31, INC.;
ALLIANT TAX CREDIT FUND XXVII, LTD.;
ALLIANT TAX CREDIT XXVII, INC.;
ALLIANT TAX CREDIT XI, LTD.; and
ALLIANT TAX CREDIT XI, INC.                                              PLAINTIFFS

v.

NICHOLASVILLE COMMUNITY HOUSING, LLC.;
JESSAMINE COMMUNITY HOUSING, LLC.;
PRINCETON COMMUNITY HOUSING, LLC.;
BOWLING GREEN COMMUNITY HOUSING, LLC.;
WARREN COUNTY COMMUNITY HOUSING, LLC.;
HOPKINSVILLE COMMUNITY HOUSING, LLC.;
IRONWOOD DEVELOPMENT, LLC;
ROBERT A. MCMASTER; and M. VINCENT MURPHY, III          DEFENDANTS

## COMPLAINT

For their Complaint against the Defendants, Plaintiffs, Alliant Tax Credit Fund 31-A, Ltd., Alliant Tax Credit 31, Inc., Alliant Tax Credit Fund XXVII, Ltd., Alliant Tax Credit XXVII, Inc., Alliant Tax Credit XI, Ltd., and Alliant Tax Credit XI, Inc. (collectively referred to herein as "Alliant"), state as follows:

1.  This is an action for money damages pursuant to Kentucky law.

**PARTIES, JURISDICTION AND VENUE**

2.  Plaintiffs, Alliant Tax Credit Fund 31-A, Ltd. (a Florida limited partnership) and Alliant Tax Credit 31, Inc. (a Florida corporation), are limited partners in Nicholasville Greens, Limited Partnership (a Kentucky limited partnership), in which defendant, Nicholasville

Community Housing, LLC (a Kentucky limited liability company) was, during the relevant period, the General Partner under the Amended and Restated Agreement of Limited Partnership dated as of May 7, 2004 and of which Defendants, Ironwood Development, LLC, Robert A. McMaster and M. Vincent Murphy, III are guarantors under a Guaranty Agreement dated as of May 7, 2004.

3. Plaintiffs, Alliant Tax Credit Fund 31-A, Ltd. and Alliant Tax Credit 31, Inc., are also limited partners in Creekside Senior Apartments, Limited Partnership (a Kentucky limited partnership), in which Defendant, Jessamine Community Housing, LLC (a Kentucky limited liability company) was, during the relevant period, the General Partner under the Amended and Restated Agreement of Limited Partnership dated as of April 27, 2004 and of which Defendants, Ironwood Development, LLC, Robert A. McMaster and M. Vincent Murphy, III are guarantors under a Guaranty Agreement dated as of April 27, 2004.

4. Plaintiffs, Alliant Tax Credit Fund XXVII, Ltd. (a Florida limited partnership) and Alliant Tax Credit XXVII, Inc. (a Florida corporation), are limited partners in The Renaissance Apartments on Kentucky Limited Partnership (a Kentucky limited partnership), in which Defendant, Warren County Community Housing, LLC (a Kentucky limited liability company) was, during the relevant period, the General Partner under the Amended and Restated Agreement of Limited Partnership dated as of December 8, 2003 and of which Defendants, Ironwood Development, LLC, LLC, Robert A. McMaster and M. Vincent Murphy, III, are guarantors under a Guaranty Agreement dated as of December 8, 2003.

5. Plaintiffs, Alliant Tax Credit XXVII, Ltd. and Alliant Tax Credit XXVII, Inc., are also limited partners in Park Row Senior Apartments, Limited Partnership (a Kentucky limited partnership) in which Defendant, Bowling Green Community Housing, LLC (a Kentucky limited

2

liability company), was, during the relevant period, the General Partner under the Amended and Restated Agreement of Limited Partnership dated as of December 29, 2003 and of which Defendants, Ironwood Development, LLC, Robert A. McMaster and M. Vincent Murphy, III, are guarantors under a Guaranty Agreement dates as of December 29, 2003.

6. Plaintiffs, Alliant Tax Credit Fund 31-A, Ltd. (a Florida limited partnership) and Alliant Tax Credit 31, Inc. (a Florida corporation), are limited partners in Franklin Place Senior Apartments, Limited Partnership (a Kentucky limited partnership), in which Defendant, Princeton Community Housing, LLC (a Kentucky limited liability company) was, during the relevant period, the General Partner under the Amended and Restated Agreement of Limited Partnership dated as of August 16, 2004 and of which Defendants, Ironwood Development, LLC, Robert A. McMaster and M. Vincent Murphy, III. are guarantors under a Guaranty Agreement dated as of May 17, 2004.

7. Plaintiffs, Alliant Tax Credit XI, Ltd. (a Florida limited partnership) and Alliant Tax Credit XI, Inc. (a Florida corporation), are limited partners in Pennyrile Senior Apartments, Limited Partnership (a Kentucky limited partnership), in which Defendant, Hopkinsville Community Housing, LLC (a Kentucky limited liability company) was, during the relevant period, the General Partner under the Amended and Restated Agreement of Limited Partnership dated as of May 17, 2000 and of which Defendants, Ironwood Development, LLC, Robert A. McMaster and M. Vincent Murphy, III, are guarantors under a Guaranty Agreement dated as of May 17, 2004.

8. For ease of reference, Nicholasville Greens, Limited Partnership; Creekside Senior Apartments, Limited Partnership; Franklin Place Senior Apartments, Limited Partnership; Park Row Senior Apartments, Limited Partnership; The Renaissance Apartments on Kentucky,

Limited Partnership and Pennyrile Senior Apartments, Limited Partnership will be collectively referred to herein as the "Limited Partnerships."

9.  For ease of reference, Defendants, Nicholasville Community Housing, LLC; Jessamine Community Housing, LLC; Princeton Community Housing, LLC; Bowling Green Community Housing, LLC; Warren County Community Housing, LLC and Hopkinsville Community Housing, LLC will be collectively referred to herein as the "General Partners."

10. For ease of reference, the Limited Partnership Agreements referenced in paragraphs 2-7 hereinabove will be collectively referred to as the "Limited Partnership Agreements".

11. Defendant, Ironwood Development, LLC, is a Georgia limited liability company.

12. Robert A. McMaster is an individual residing in the state of Georgia.

13. M. Vincent Murphy is an individual residing in the state of Georgia.

14. Defendants, Ironwood Development, LLC, Robert A. McMaster and M. Vincent Murphy, III (collectively referred to herein as the "Guarantors"), are the guarantors under six (6) Guaranty Agreements associated with the Limited Partnerships devoted to the development, construction and operation of high quality low-income rental housing for senior citizens. Plaintiffs are the beneficiaries of those Guaranty Agreements, having taken same by assignment consented to by the Guarantors.

15. This Court has personal jurisdiction over each of the Defendants in this action pursuant to their individual written consent and KRS 454.210(2)(a), as each regularly transacts business in Kentucky or has minimum contacts with Kentucky, through their involvement with the above-referenced limited partnerships. Each Defendant was, during the relevant period, actively involved in the development, management, construction and/or rehabilitation of the

apartment complexes to be owned by the limited partnerships in Jessamine, Warren, Caldwell and Christian Counties in Kentucky, such that it is reasonable for this Court to exercise jurisdiction over them.

16.     The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1), in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

17.     Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims herein occurred, or a substantial part of the property that is the subject of this action is situated, within the Lexington jury division of this Court, specifically in Jessamine County, Kentucky.

18.     All conditions precedent to the bringing of this action have occurred or have been performed.

## GENERAL ALLEGATIONS

19.     The business purpose of the Limited Partnerships is to acquire, develop, construct, own and operate apartments as tax credit qualifying low income housing. The apartments were developed and are to be operated under the low-income housing tax credit program qualifying for issuance of federal low income housing tax credits under Section 42 of the Internal Revenue Code. The Limited Partnerships and the apartments they operate are part of a highly regulated federal government program designed to encourage private investors to invest in low income properties by providing them with tax credits created by federal statutes. Alliant's structure and purpose in participating in the Limited Partnerships was to obtain and preserve qualifying federal tax credits and to obtain other economic benefits typically associated with investing in multifamily residential real estate.

5

20. It was the responsibility of the General Partners to manage the Limited Partnerships and the properties in such a way that those tax credits would not be lost or jeopardized. The General Partners had the responsibility to manage the Limited Partnerships and the apartments complexes in conformity with the guidelines for qualification for low-income housing federal tax credits so that those tax credits would not be forfeited or recaptured.

21. Alliant Tax Credit 31-A, Ltd., Alliant Tax Credit Fund 31-A, Ltd., Alliant Tax Credit Fund XXVII, Ltd., and Alliant Tax Credit Fund XI, Ltd., as the Investor Limited Partners of the respective Limited Partnerships, have provided substantially all of the capital contributed to the Limited Partnerships and in turn are allocated the vast majority of the qualifying tax credits.

22. The General Partners have breached the terms of the Limited Partnership Agreements and mismanaged the projects, including, *inter alia,* by failing to effectuate timely and proper "Completion" of the projects as required by and defined in the Limited Partnership Agreements, by causing, failing to avoid, and failing to pay all "Development Deficits" as defined in the Limited Partnership Agreements, and by failing to cause "Rental Achievement" as defined in the Limited Partnership Agreements.

23. In so doing they have placed the Limited Partnerships at material risk of losing the qualifying federal income tax credits and other economic benefits that served as the basis for acquisition and development of the apartments, and they have been lawfully removed and have withdrawn from their roles as general partners of the Limited Partnerships.

24. As a consequence thereof, the General Partners remain liable under the Limited Partnership Agreements for all damages attributable to their breaches aforesaid, whether same become realized before or after the date of their withdrawal.

25. To secure its investment in the Limited Partnerships, and as a condition of its entry into the Limited Partnerships, Alliant required the Guarantors to enter into Guaranty Agreements on each of the six (6) Limited Partnerships.

26. Under the Guaranty Agreements, each Guarantor irrevocably, unconditionally and fully guaranteed the due, prompt and complete performance and/or payment of certain obligations of the General Partners, including but not limited to: (1) the obligation to effectuate timely and proper "Completion" as defined in the Guaranty Agreements and the Limited Partnership Agreements; (2) the obligation to pay all "Development Deficits" as defined in the Guaranty Agreements and the Limited Partnership Agreements; and (3) the obligation to cause "Rental Achievement" as defined in the Guaranty Agreements and the Limited Partnership Agreements.

27. "Completion" as defined in the Guaranty Agreement and the Limited Partnership Agreement was not timely or properly effectuated.

28. All "Development Deficits" as defined in the Guaranty Agreements and the Limited Partnership Agreements have not been paid.

29. "Rental Achievement" as defined in the Guaranty Agreements and the Limited Partnership Agreements has not occurred.

## COUNT I

### Breach of Limited Partnership Agreements

30. This is a claim for breach of the Limited Partnership Agreements against the General Partners.

31. Alliant restates and realleges each and every averment contained in the preceding paragraphs of this Complaint as if set forth fully herein.

32. By their actions and inactions set forth herein, the General Partners have breached the terms of the respective Limited Partnership Agreements.

33. As a direct and proximate result of those breaches by the General Partners, Alliant has suffered direct and consequential damages in an amount in excess of the jurisdictional minimum of this Court, to be shown by the evidence presented at trial.

## COUNT II

### Breach of Guaranty Agreements

34. This is a claim for breach of the Guaranty Agreements by the Guarantors.

35. Alliant restates and realleges each and every averment contained in the preceding paragraphs of this Complaint as if set forth fully herein.

36. The Guarantors have failed to pay or perform their obligations as set forth in the Guaranty Agreements and are in breach.

37. As a direct and proximate result of these breaches by the Guarantors, Alliant has suffered direct and consequential damages in an amount in excess of the jurisdictional limits of this Court, to be shown by the evidence presented at trial.

**WHEREFORE**, Alliant respectfully requests the following relief:

1. Judgment against the General Partners and in favor of Alliant awarding direct and consequential damages in an amount in excess of the jurisdictional minimum of this Court, to be shown by the evidence presented at trial in compensation for the General Partners' breach of the respective Limited Partnership Agreements;

2. Judgment against the Guarantors and in favor of Alliant awarding Alliant all damages, costs, expenses, prejudgment interest, incidental and consequential damages, proven for breach of the terms of the Guaranty Agreements.

3.	Judgment against the Defendants, jointly and severally, awarding Alliant all attorney's fees, litigation costs, expenses, and discretionary costs incurred in connection with enforcement of Alliant's rights under the terms of the Limited Partnership Agreements, the Guaranty Agreements and as otherwise permitted by Kentucky and federal law.

4.	Alliant further prays for any and all other relief to which it otherwise appears entitled.

>	Respectfully submitted,
>
>	/s/ Catherine M. Stevens
>	Barry D. Hunter
>	Catherine M. Stevens
>	Frost Brown Todd LLC
>	250 West Main Street
>	Suite 2700
>	Lexington, KY  40507
>	Tel.:	(859) 231-0000
>	Fax:	(859) 231-0011
>
>	**Attorneys for Plaintiffs**