UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:07-CV-00388-KSF

ALLIANT TAX CREDIT FUND 31-A, LTD.;
ALLIANT TAX CREDIT 31, INC.;
ALLIANT TAX CREDIT FUND XXVII, LTD.;
ALLIANT TAX CREDIT XXVII, INC.;
ALLIANT TAX CREDIT XI, LTD ; and
ALLIANT TAX CREDIT XI, INC.

ELECTRONICALLY FILED

PLAINTIFFS

v

NICHOLASVILLE COMMUNITY HOUSING, LLC.;
JESSAMINE COMMUNITY HOUSING, LLC.;
PRINCETON COMMUNITY HOUSING, LLC.;
BOWLING GREEN COMMUNITY HOUSING, LLC.;
WARREN COUNTY COMMUNITY HOUSING, LLC.;
HOPKINSVILLE COMMUNITY HOUSING, LLC ;
IRONWOOD DEVELOPMENT, LLC;
ROBERT A. MCMASTER; and M. VINCENT MURPHY, III

DEFENDANTS

### AFFIDAVIT OF BRIAN DORAN

Comes now the Affiant, Brian Doran, after having been duly sworn, and for his affidavit states as follows:

1. My name is Brian Doran. I am an authorized representative of each Plaintiff, and I make this Affidavit on personal knowledge and in support of Plaintiffs' Motion for Summary Judgment

2. I hereby reaffirm the assertions contained in my affidavit filed in support of Plaintiffs' Response in Opposition to Murphy's Motion for More Definite Statement.

1



3. Plaintiffs are the limited partners in the six Kentucky limited partnerships that are the subject of this lawsuit ("the Limited Partnerships"), each of which was organized to develop a low-income housing project in Kentucky.

4 On May 4, 2007, Plaintiffs removed the Defendants from their roles as general partners at each of the Limited Partnerships pursuant to Articles 11.4 and 11.7 of the Agreements governing the Limited Partnerships ("the LPAs"). This occurred after Bank of America had declared the Limited Partnerships' construction and bridge loans in default, after Bank of America had sued to foreclose the mortgages on the Limited Partnerships' properties, and after the Defendants had repudiated their obligations to the Limited Partnerships. On the date of removal, two and one half years after the deadline in the LPAs for achieving lien free completion of construction and nearly two years after the deadline in the LPAs for paying off the Bank of America construction loans, the Defendants had failed to construct the Apartment Buildings for the Renaissance Limited Partnership; they had failed to pay off the liens on the Apartment Buildings they constructed for the other five Limited Partnerships; and they had left a balance of over $10 million due and owing on the Limited Partnerships' construction and bridge loans to Bank of America

5. For the Renaissance Limited Partnership, Plaintiffs funded all of the capital contributions except the contribution due upon the completion of construction of all of the Apartment Buildings and the contribution due upon Rental Achievement. At the other Properties, Plaintiffs funded all of the capital contributions except those due upon Rental Achievement. Construction was not completed at Renaissance and Rental Achievement was not accomplished at any of the six Properties.

6   The capital contributions that were funded by Plaintiffs at the six Limited Partnerships totaled $8,598,085. These were the exact amounts provided for under Article 3.4 of the LPAs except for approximately $15,000 at Creekside and $25,000 at Park Row.

7.  Plaintiffs have calculated, for summary judgment purposes only, the amount of the Development Deficit provided under the LPAs for the five projects other than Renaissance [Exhibit 1, attached.] The methodology of the calculation, designed to resolve all questions in Defendants' favor and to eliminate any fact disputes, is as follows:

A   As to the calculation for capital adjusters, Plaintiffs have adjusted the capital upward to the extent that: 1) there is any increase in qualifying basis (additional project costs due to cost overruns); and 2) there are available additional credits that can be obtained for the project. On the timing adjuster, Plaintiffs have adjusted the capital downward to the extent of the tax credit shortfall (actual credits delivered versus revised projected credits) during the first two years of projected credit delivery. In each case, the tax credit excess and the tax credit shortfall was multiplied by the applicable tax credit percentage in order to reach the appropriate upward and downward adjusters.

B.  As to the calculation of the permanent loan amount, Plaintiffs obtained permanent loan quotes on the projects, as indicated below, subsequent to the date of the Defendants' removal:

|  | Prudential -- 9/07 | B of A -- 9/08 | Greystone – 6/08 |
|---|---|---|---|
| Creekside | $576,000 | $761,945 | $950,000 |
| Franklin Place | $315,000 | $256,464 | $300,000 |
| Nicholasville Green | $455,000 | $494,770 | $500,000 |
| Park Row | $601,000 | $561,288 | $835,000 |

Pennyrile    $495,000    $525,507    $530,000

While these loans are not available to Plaintiffs under current market conditions, Plaintiffs have utilized the Greystone numbers in calculating the permanent loans in its damages calculations, thereby giving Defendants the benefit of the highest possible credit. Moreover, Plaintiffs' calculation assumes that the permanent loan conversion occurred at the time of the Greystone quote, which was June 11, 2008. As a result Plaintiffs have charged Defendants for the interest and fees incurred by the Limited Partnerships through June 11, 2008 only.

8 The only item which is not subject to precise computation is the amount of the permanent loan for which the Defendants should be credited. This is so, again, because the Defendants never met the conditions for obtaining a permanent loan for any of the Properties. Again, however, for purposes of summary judgment only, Plaintiffs have credited the Defendants with the *highest* permanent loan quote on each of the five completed Properties. Notably, this amount is approximately $400,000 greater, for all five Properties, than the amount that was supported, under the Defendants' permanent loan commitments, by the net operating income at the Properties when the Defendants were removed. (Specifically, the loan amounts being credited to Defendants are approximately $225,000 greater at Creekside; $10,000 greater at Franklin Place; $40,000 greater at Nicholasville Greens; $90,000 greater at Park Row and $20,000 greater at Pennyrile than was supported by the net operating income at the Properties at the time of the Defendants' removal.)

9 At Renaissance, the incomplete status of the Apartment Buildings makes it more difficult to quantify the Development Deficit. This is so, *inter alia,* because until the Apartment Buildings are constructed and rented up, Plaintiffs can only project, based on presently available information, the amount of the capital contribution and the permanent loan to which the GP Defendants would ultimately become entitled.

10. As a result, for summary judgment only, Plaintiffs have calculated their damages under the alternative Rescission measure to which they are entitled under Article 7.4 of the LPAs and §1(A)(ii) of the Guarantee Agreements [Exhibit 2, attached.] This calculation includes all amounts contributed by Plaintiffs to the Renaissance Limited Partnership through the date of filing of this Motion, and it computes interest through June 30, 2009.

11. The Rescission measure under Article 7.4 of the Renaissance Limited Partnership Agreement yields damages – based upon the amounts contributed and otherwise advanced by Plaintiffs to the Limited Partnerships plus interest at 12% from the date of the contribution – of, at the minimum, $6,319,623. Upon receipt of this sum from Defendants, Plaintiffs will deliver to the Defendants or their designees all of their interest in the Renaissance Limited Partnership, and they will cause the successor general partner, which is their affiliate, to deliver its interests in that Partnership to Defendants or their designees.

12. The Development Deficit damages at the Creekside, Franklin Place, Pennyrile, Park Row and Nicholasville Greens Limited Partnerships total, at the minimum, $1,874,513. The Rescission damages at the Renaissance Limited Partnership total, at the minimum, $6,319,623. Thus the total damages to which Plaintiffs are entitled in this action total, at the minimum, $8,194,136.

Further, Affiant sayeth naught.

_____
BRIAN DORAN

STATE OF CALIFORNIA                )
)
COUNTY OF LOS ANGELES     )

      Subscribed, sworn to and acknowledged before me by Brian Doran, on this the 9th day of June, 2009

_____
NOTARY PUBLIC

My Commission Expires: 10/01/2010

LEXLibrary 0110817 0543643 396456v1

KATHLEEN G BAUER
Commission # 1691638
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2010

## Kentucky 5 Global Sources and Uses
### as of 6/11/2008

| | Creekside Senior - F31A | Franklin Place - F31A | Nicholasville Greens - F31A | Pennyrile F11 | Park Row F11 | Total |
|---|---|---|---|---|---|---|
| **SOURCES** | | | | | | |
| Total Gross Equity | 1,290,388 | 1,316,007 | 572,532 | 1,865,271 | 2,290,971 | 7,335,169 |
| Paid To Date | (1,181,423) | (1,155,660) | (442,164) | (1,265,269) | (1,578,845) | (5,623,361) |
| Net Equity Remaining | 108,965 | 160,347 | 130,368 | 600,002 | 712,126 | 1,711,808 |
| Upward Adjuster (Basis/Credits) | 291,471 | 94,762 | 156,728 | 168,391 | 324,790 | 1,036,142 |
| Downward Adjuster (Lease Up) | (153,877) | (157,839) | (67,228) | (212,577) | (217,980) | (809,501) |
| Permanent Loan | 950,000 | 300,000 | 500,000 | 530,000 | 835,000 | 3,115,000 |
| **TOTAL SOURCES** | 1,196,559 | 397,270 | 719,868 | 1,085,816 | 1,653,936 | 5,053,449 |
| **USES** | | | | | | |
| **Outstanding Uses** | | | | | | |
| Construction Loan Principal Balance | 1,390,000 | 793,345 | 760,234 | 534,243 | 1,045,222 | 4,523,044 |
| Liens | | | | | | - |
| Unpaid Taxes | | 21,170 | 47,211 | 42,030 | | 110,411 |
| Remaining Construction Costs (Stuart Richey, GC) | | | | | | - |
| Bridge Loan Principal | - | - | | - | - | - |
| **Subtotal Outstanding Uses** | 1,390,000 | 814,515 | 807,445 | 576,273 | 1,045,222 | 4,633,456 |
| **Amounts Advanced by ALPs** | | | | | | |
| Legal Fees | | | | | | - |
| Bank of America Construction Loan Interest Payments | 24,705 | 39,818 | 9,918 | 7,183 | 62,174 | 143,797 |
| Bank of America Bridge Loan Interest Payments | | | | | | |
| Property Taxes | 66,360 | | | | 47,867 | 114,227 |
| Lien Payments | | 76,215 | 39,424 | 141,068 | 8,495 | 265,202 |
| Property Payables | 10,500 | 17,369 | 10,200 | 8,500 | 9,800 | 56,369 |
| **Subtotal** | 101,565 | 133,402 | 59,541 | 156,751 | 128,336 | 579,594 |
| **Amounts Advanced by ILPs** | | | | | | |
| Equity Advances to Pay Bridge Loan P&I | 157,334 | - | 127,407 | 567,312 | 650,000 | 1,502,053 |
| Bank of America Construction Loan Interest Payments | 73,406 | 35,111 | 92,460 | 11,883 | | 212,860 |
| **Subtotal** | 230,740 | 35,111 | 219,867 | 579,195 | 650,000 | 1,714,913 |
| **TOTAL USES** | 1,722,305 | 983,028 | 1,086,853 | 1,312,219 | 1,823,558 | 6,927,963 |
| **S&U GAP** | (525,745) | (585,758) | (366,986) | (226,402) | (169,622) | (1,874,513) |

EXHIBIT A-1

| Date | | Amount | Interest at 12% to 6/30/09 | Principal + Interest |
|---|---|---|---|---|
| 04/19/07 | Kentucky Housing Corporatl1N: 4.20.2007 | $ 38,370.00 | $ 10,129.68 | $ 48,499.68 |
| | | | $ - | $ - |
| | | | $ - | $ - |
| 05/15/07 | Fernando Garcia /IN: 5/15/07 | $ 1,713.33 | $ 437.67 | $ 2,151.00 |
| | | | $ - | $ - |
| | | | $ - | $ - |
| 05/24/07 | BOWLING GREEN MUN UTILITI/IN: 5/23/2007 | $ 1,521.72 | $ 384.22 | $ 1,905.94 |
| 05/24/07 | OMEARA COMPANIES /IN: 5/23/2007 | $ 22,645.00 | $ 5,717.71 | $ 28,362.71 |
| | | | $ - | $ - |
| 05/24/07 | Renaissance: Security Fending | $ 2,962.17 | $ 747.93 | $ 3,710.10 |
| | | | $ - | $ - |
| 05/24/07 | Fernando Garcia /IN: 5.16-5.31 | $ 1,540.00 | $ 388.84 | $ 1,928.84 |
| 06/01/07 | BOWLING GREEN MUN UTILITI/IN: 2.26.07 | $ 452.64 | $ 113.10 | $ 565.74 |
| 07/02/07 | OMEARA COMPANIES /IN: 29312 | $ 5,993.00 | $ 1,436.35 | $ 7,429.35 |
| 07/10/07 | Renaissance Construction Interest Loan | $ 35,306.74 | $ 8,369.15 | $ 43,675.89 |
| 07/13/07 | Rexel Inc. /IN: 7.11.2006 | $ 2,058.28 | $ 485.87 | $ 2,544.15 |
| | | | $ - | $ - |
| 07/31/07 | Renaissance: Interest on Bridge Loan | $ 64,513.96 | $ 14,847.05 | $ 79,361.01 |
| 08/21/07 | Renaissance 3/27,4/27,5/27 Constuction Loan | $ 100,353.38 | $ 22,402.17 | $ 122,755.55 |
| 08/21/07 | Renaissance: operational deficit | $ 29,606.00 | $ 6,609.03 | $ 36,215.03 |
| 08/21/07 | Renaissance 6/27 Construction Loan Interest | $ 13,334.70 | $ 2,976.74 | $ 16,311.44 |
| 09/06/07 | Renaissance /interest on BA loan | $ 70,613.47 | $ 15,391.80 | $ 86,005.27 |
| | | | $ - | $ - |
| | | | $ - | $ - |
| | | | $ - | $ - |
| 10/18/07 | Renaissance on Kentucky/property insurance | $ 7,247.50 | $ 1,479.68 | $ 8,727.18 |
| 11/02/07 | Renaissance on KY/accrued interest construction loan | $ 54,031.32 | $ 10,764.82 | $ 64,796.14 |
| 11/02/07 | Renaissance on KY/accrued interest bridge loan | $ 33,511.32 | $ 6,676.56 | $ 40,187.88 |
| 12/04/07 | Renaissance KY/mechanic lien | $ 18,600.00 | $ 3,510.05 | $ 22,110.05 |
| 12/10/07 | Renaissance on KY/BA constr loan pmnt | $ 25,508.01 | $ 4,763.36 | $ 30,271.37 |
| 12/10/07 | Renaissance on KY/IBA constr loan pmnt | $ 9,754.84 | $ 1,821.62 | $ 11,576.46 |
| | | | $ - | $ - |
| | | | $ - | $ - |
| | | | $ - | $ - |
| | | | $ - | $ - |
| | | | $ - | $ - |
| 12/31/07 | Reznick Group/IN: 423802 | $ 11,000.00 | $ 1,978.19 | $ 12,978.19 |
| | | | $ - | $ - |
| 12/31/07 | Bocarsly Emden Cowan Esmail | $ 360.00 | $ 64.74 | $ 424.74 |
| 01/10/08 | Renaissance KY/Bank of America loan pmnt | $ 34,782.85 | $ 6,140.84 | $ 40,923.69 |
| 01/21/08 | Renaissance on KY/building insurance | $ 14,000.00 | $ 2,421.04 | $ 16,421.04 |
| | | | $ - | $ - |
| 02/25/08 | Renaissance on KY/oper defic | $ 10,000.00 | $ 1,614.25 | $ 11,614.25 |
| | | | $ - | $ - |
| | | | $ - | $ - |

EXHIBIT A-2

| Date | Description | Amount | | | | | |
|---|---|---|---|---|---|---|---|
| 03/11/08 | Renaissance on KY/accrued interest construction loan | $ | 43,907.60 | $ | 6,871.24 | $ | 50,778.84 |
| 03/11/08 | Renaissance on KY/accrued interest bridge loan | $ | 16,675.98 | $ | 2,609.68 | $ | 19,285.66 |
| 04/09/08 | Renaissance on Kentucky - building insurance (3/29-6/29/08) | $ | 7,247.00 | $ | 1,065.01 | $ | 8,312.01 |
| 04/09/08 | Renaissance on Kentucky Construction & Bridge Loan | $ | 28,011.29 | $ | 4,116.51 | $ | 32,127.80 |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| 05/19/08 | MAY DEBT SERVICE - RENAISSANCE | $ | 25,504.28 | $ | 3,412.68 | $ | 28,916.96 |
| 06/24/08 | CITY OF BOWLING GREEN /IN: 111528-000 | $ | 30.00 | $ | 3.66 | $ | 33.66 |
| | | | | $ | - | $ | - |
| 07/07/08 | Renaissance on KY/const. & bridge Ln. payments | $ | 25,401.08 | $ | 2,989.67 | $ | 28,390.75 |
| 07/25/08 | Reznick Group/IN: 461040 | $ | 1,940.00 | $ | 216.85 | $ | 2,156.85 |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| 08/14/08 | vacant building insurance | $ | 8,083.75 | $ | 850.45 | $ | 8,934.20 |
| 08/14/08 | construction loan and bridge loan | $ | 49,982.76 | $ | 5,258.46 | $ | 55,241.22 |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| 09/15/08 | Renaissance on KY/Loan extension, fees, and interest | $ | 24,154.83 | $ | 2,287.10 | $ | 26,441.93 |
| 09/17/08 | July and August debt service on Constuction loan of $18,422.45 and bridge loan of $6,978.63 | $ | 25,401.08 | $ | 2,388.40 | $ | 27,789.48 |
| 09/30/08 | Renaissance on KY linsurance, payroll and utilities. | $ | 20,654.52 | $ | 1,853.81 | $ | 22,508.33 |
| 10/09/08 | Kentucky Department of Re/IN: 12/31/07 F | $ | 184.00 | $ | 15.97 | $ | 199.97 |
| 10/10/08 | Oct BOA debt service on Construction loan and Bridge loan | $ | 24,581.69 | $ | 2,125.47 | $ | 26,707.16 |
| | | | | $ | - | $ | - |
| 10/30/08 | Renaissance on KY futilities, unit turns & operating costs | $ | 20,000.00 | $ | 1,597.81 | $ | 21,597.81 |
| 11/26/08 | Renaissance on Kentucky IBOA debt service | $ | 23,768.54 | $ | 1,687.89 | $ | 25,456.43 |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| 12/23/08 | Renaissance on KY/utility and operating cost | $ | 20,765.26 | $ | 1,290.29 | $ | 22,055.55 |
| 12/29/08 | City Of Bowling Green/IN: 111528-000 | $ | 27.00 | $ | 1.62 | $ | 28.62 |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| 01/20/09 | Renaissance on KY /utilities, mgmt fees, ins, and operating costs | $ | 37,000.00 | $ | 1,958.47 | $ | 38,958.47 |
| 02/05/09 | Renaissance on KY /debt service on Construction and bridge loan | $ | 20,006.48 | $ | 953.73 | $ | 20,960.21 |
| 03/03/09 | Renaissance on KY/Down-Pmt for New Master Ins. Policy | $ | 1,655.00 | $ | 64.75 | $ | 1,719.75 |
| 03/17/09 | Renaissance on KY fJan & Feb debt service | $ | 35,328.29 | $ | 1,219.55 | $ | 36,547.84 |
| | | | | $ | - | $ | - |
| 04/09/09 | Lloyds of London risk ins policy | $ | 6,806.00 | $ | 183.48 | $ | 6,989.48 |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| | | | | $ | - | $ | - |
| 04/24/09 | Renaissance on KY/BOA for Principal, Int and various fees per term sheet of loans | $ | 385,748.23 | $ | 8,497.03 | $ | 394,245.26 |
| 04/24/09 | Moore & Van Allen for BOA legal fees | $ | 12,684.09 | $ | 279.40 | $ | 12,963.49 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 05/22/09 | Renaissance /Nat'l Contruction Rentals for the fence | $ | 3,500.00 | $ | 44.88 | $ | 3,544.88 |
| | | | | | | | |
| | | | | | | | |
| | TOTALS | $ | 1,478,828.98 | $ | 185,516.33 | $ | 1,664,345.31 |

| Date | | Amount | Interest at 12% to 6/30/09 | Principal + Interest |
|---|---|---|---|---|
| 12/31/03 | Renaissance ACF Funding | $1,144,087.00 | $ 755,285.49 | $ 1,899,372.49 |
| 01/14/05 | wire out 011405 Renaissance on KY Draw | $226,284.50 | $ 121,114.90 | $ 347,399.40 |
| 02/03/05 | wire out 020305 WT 02/03 Renaissance Ken | $460,167.50 | $ 243,271.02 | $ 703,438.52 |
| 04/15/05 | wire out 041505 WT 4/15 Ren on Kentucky | $329,372.00 | $ 166,436.63 | $ 495,808.63 |
| 05/16/05 | wire out 051605 Renaissance Kentucky Dra | $221,442.81 | $ 109,641.49 | $ 331,084.30 |
| 07/01/05 | wire out 070105 WI 7/1 Ren on Ken 3Ac C | $593,272.19 | $ 284,770.65 | $ 878,042.84 |
| 08/31/06 | F27 Renaissance Adj Gr Eq p/LPA | $98.00 | $ 33.31 | $ 131.31 |
| | | | | |
| | | | | |
| | TOTALS | $2,974,724.00 | $ 1,680,553.50 | $4,655,277.50 |
| | | | | |
| | | | | |
| | | | | |